**People of the State of Illinois, Plaintiff-Appellee, v. Billy Roy Sims, Defendant-Appellant.**

**Gen. Nos. 10,713, 10,714, 10,715. (Consolidated.)**

Fourth District.

September 8, 1966.

■

Kenneth E. Evans, of Decatur (James E. Fuson, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Franklin E. Dove, of counsel), for appellee.

SMITH, J.

Defendant appeals from a conviction of rape, armed robbery and aggravated kidnapping. His conviction rests largely upon the testimony of three accomplices all of whom had pleaded guilty and were awaiting sentence. All three testified that they expected it to go easier with them as a result of their testimony for the State. The identification of the defendant by the victim is not very conclusive and, absent the testimony of the accomplices, would be insufficient to support the conviction.

The defendant, Billy Sims, and codefendants, Joel Gentry, Gary Hall and Jerry Crum, were jointly indicted. Sims stood trial. The other three pleaded guilty to all three charges and testified for the State. The evidence shows substantially the following: The four were cruising about in the Hall car when they came across the victim and her boy friend parked on a country road. At gunpoint, they robbed them, Gentry and Crum doing this job while masked. They then left the boy friend and took the girl with them to a point some 5 to 6 miles distant. Here the boys got out of the car. Hall got back into the car, slapped the victim, ripped her clothes and had intercourse with her. Sims followed suit and Crum followed him. Gentry made an attempt but told the others he could not rape the girl. They then talked about killing her but finally let her out of the car near a park.

■ The victim did not identify Sims in the lineup and in fact told the deputy at the time that he definitely was not one of the men who raped her. She then testified

she was not now saying that he definitely was not one of the men who raped her. It is thus apparent that the identity of Sims rests squarely with his three associates. The jury saw and heard their testimony. It is uncontroverted that the four were together earlier in the afternoon and had been drinking. The Hall car was the vehicle used, for the victim saw the ceiling light was taped over and so it was in the Hall car. The alibi of Sims falls far short of covering the time periods involved in this transaction. We have carefully read this record and the testimony of the three accomplices is remarkably free of variation. It is substantially corroborated by the victim in all respects except the positive identification of Sims. It seems to us that this record convicts beyond a reasonable doubt if the jury believed Gentry, Hall and Crum. We see no reason for disturbing the verdict.

■ Defendant complains of the opening statement of the prosecution which characterized Sims as a rapist, a robber and a kidnapper; to a statement that they would "hear from Jerry Crum—I think his name fits his game." Timely objections were made and were sustained. The opening statement is subject to criticism as being over enthusiastic, argumentative, and not properly factual. The court corrected the matter and the State did not pursue it further. To like effect was part of the closing arguments. We deem neither incident reversible error nor sufficiently beyond the pale to require a new trial.

■ `The trial court refused the right of the defendant to call the victim as his own witness and this is assigned as error. She had testified fully for the State. The only purpose of such testimony would have been to rehash her inability to positively identify Sims and to reiterate that the two she did identify had been charged with the crime i. e., Gentry and Hall. She was not at all certain of their identity. This testimony was at most

354

a repetition and we do not think the trial court abused its discretion in subjecting the victim to further examination to cover ground already adequately covered.

■ The defendant objects to the refusal of his Instruction No. 7 which told the jury that if there were two theories in the case, one showing guilt and another innocence even though the greater weight of the evidence supports guilt, still if there remained a reasonable doubt, it is the duty of the jury to resolve this doubt in favor of the defendant and acquit him. Defendant also objects to State's instruction outlining the weight to be given the testimony of accomplices and the refusal of defendant's instruction on the subject. We have gone into the record to read the instructions and are satisfied that the jury was adequately instructed even though all of the given instructions are not abstracted. Where they are not all abstracted, the propriety of an instruction given or refused is not preserved for review.

We thus conclude that there is no error in the record and that defendant has had his day in court with a fair trial. Accordingly, the judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.