**People of the State of Illinois, Plaintiff-Appellee, v. Bob G. Forbis, Impleaded, Defendant-Appellant.**

Gen. No. 11,001.

Fourth District.

June 3, 1969.

Harry J. Westfall, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

SMITH, J.

The defendant was convicted of burglary of a jewelry store in Decatur, Illinois, and on denial of his motion for a new trial was sentenced to a minimum of 5 and a maximum of 15 years in the penitentiary. The only basis for appeal is improper and prejudicial remarks to the jury made by the State's Attorney in closing arguments. Objection was preserved in the post-trial motion, but the defendant asserts that the trial judge never did actually comment on the precise issue. Nevertheless, he did deny the motion for new trial and in so doing committed no error.

 Be he a saint or sinner, a defendant is entitled to a fair trial under the law and where there is a record of prior conviction, the only comment properly permitted in argument is that related to his credibility and where he had admitted on the witness stand a prior penitentiary sentence for a felony, such is the proper subject of comment if restricted to his credibility. This is not only statutory, but decisional law. People v. Donaldson, 8 Ill2d 510, 134 NE2d 776; People v. Nastasio, 30 Ill2d 51, 195 NE2d 144; Ill Rev Stats 1967, c 38, § 155–1. It is but a truism to say that it is the obligation of a prosecutor

to prosecute fairly and impartially and this does not imply that he may not prosecute vigorously so long as he stays within the facts in the record and any reasonable and proper inference therefrom. The prosecutor did just that in this case.

The defendant selects two statements of the prosecutor taken wholly out of context and asserts that his statement on the witness stand that he had been previously convicted of a robbery was improperly used by the prosecution to the defendant's detriment. The additional abstract of the record sets forth the argument on this point in its entirety and in it the prosecutor was discussing the credibility of the witness. In discussing his credibility, he suggests that it is an old story that a man with $10.00 in his pocket and, who stayed at the Salvation Army the night before, had in his possession two of the stolen watches, but states he had purchased them for himself and his girl friend. He first stated that he got the watches from his mother and that one watch belonged to his wife. The State's Attorney then stated:

> "Now why does he tell all these stories about these watches that he had in his possession that were stolen? Does a man who is not guilty tell all these stories about how he got these watches?
>
> "And then there is another thing to consider when you are trying to believe—trying to decide whether you should believe his explanation and how much weight you should attach to it, and that is that the defendant has been convicted of this same offense of burglary."

The court sustained an objection to that statement. The State's Attorney then said:

> "To determine whether to believe the defendant, in determining how much weight to attach to his story, whether you can believe it, you can consider the fact that he has been convicted of an infamous

222

crime, and the Court will instruct you that that is the law."

The defendant's Instruction No. 1 so far as here material read:

"The Court instructs the jury that the conviction of a witness of an infamous crime is evidence tending to affect his or her credibility, and in determining the weight you should attach to the testimony of any such witness, you have a right to take into consideration the fact that he was previously convicted of an infamous crime."

In a murder conviction in People v. Donaldson, 8 Ill2d 510, 134 NE2d 776, the Supreme Court criticized the State's Attorney for asserting that a self-admitted previous conviction of robbery would warrant the conclusion that such was his "profession" and stated "It is our opinion that error resulted from the bringing of such matters into the record." Condemnation by the Supreme Court in Donaldson of the State's Attorney's remarks is remote from the record before us. Fairly stated, the State's Attorney was arguing only the credibility of the witness as to the several stories he had told concerning the watches and he was entitled to relate this to the admitted evidence of a prior felony conviction shown in this record. There being no error committed, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.