(No. 41091.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROBERT J. RAYMOND, Appellant.

*Opinion filed June 20, 1969.*

Ward, J., took no part.

Karen W. Ferguson, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James R. Kavanaugh, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

In July of 1962, a jury in the circuit court of Cook County found Robert J. Raymond guilty of rape and robbery. He was sentenced to concurrent terms of imprison-

ment for not less than 20 nor more than 40 years for rape, and not less than 15 nor more than 20 years for robbery. His writ of error from this court was transferred to the appellate court, which affirmed. 57 Ill. App. 2d 292.

On May 20, 1965, he filed a *pro se* post-conviction petition alleging that his constitutional rights were violated by the procedure by which he was identified, and that the prosecution had suppressed a police crime laboratory report of a microanalysis performed on his clothing which revealed no evidence of spermatozoa or other extracts. The petition was poorly drawn and not verified. The public defender, who was appointed counsel for defendant, made no motion to amend and the State's motion to dismiss was granted. No appeal was taken from the order of dismissal.

On March 27, 1967, the petitioner, leave of court having first been obtained, filed a second post-conviction petition again alleging that the prosecution had suppressed evidence favorable to him. This petition was supported by the petitioner's affidavit, and accompanied by an abstract of the record at his trial including portions of the transcript of the testimony. The State filed a motion to dismiss this petition on the grounds that it failed to raise a constitutional question and that dismissal of the earlier petition was *res judicata*. The motion was allowed and the present appeal is from the order dismissing that petition.

The representation of the petitioner by his appointed attorney in connection with his first post-conviction petition was so clearly inadequate that the dismissal of that petition can not be regarded as *res judicata* of the claim advanced in the petition before us. (*People* v. *Ford,* 40 Ill.2d 440; *People* v. *Slaughter,* 39 Ill.2d 278; *People* v. *Polansky,* 39 Ill.2d 84.) We are also of the opinion that although the suppression issue might properly have been raised on direct appeal, fundamental fairness precludes application of the doctrine of waiver. (*Cf. People* v. *Hamby,* 32 Ill.2d 291.) The claim here is that upon the trial the prosecution withheld evidence

that was favorable to the petitioner. The evidence in question was a report of the result of an examination of petitioner's clothing by a microanalyst of the Chicago Police Department which stated that no spermatozoa or extracts were found on defendant's clothing. The report was not offered in evidence upon the trial but when the motion for a new trial first came on for hearing the State asked that it be made a part of the record. Defendant had written to the laboratory, after the verdicts of guilty were returned, asking for a copy of the report. His letter stated: "The clothes was brought to the Lab. for test in a possible rape case. I was told they would be analized [sic] and a report made. Well I went to court and was found guilty of this crime. Now I need proof of my innocense [sic]." In an oral statement that the petitioner made to the court at the first hearing on his motion for a new trial, he said: "And now, this report in from my pants, I gave those of my own free will, I gave them to take to the laboratory, I gave those of my own free will. I knew I did not do it, and they could get the report from the analyst from the laboratory, and prove out the fact I did not have nothing to do with her."

Subsequent to the submission of this cause for our decision, petitioner acknowledged by affidavit that the commander, at the police station where he was held after arrest, told him: "The results of the test on your clothing came back and proved negative, but this don't clear you." The affidavit also stated: "I never mention the clothing for I the petitioner thought the state would produce." From these statements, petitioner's letter and oral statement, it is clear that he knew, prior to his trial, that his clothing had been subjected to laboratory analysis and the results thereof. Apparently he did not communicate these facts to his attorney, for at the hearing on the motion for a new trial his attorney denied that he knew of it. In reliance on *Brady* v. *Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *Giles* v. *Maryland* (1966), 386 U.S. 66, 17 L. Ed. 2d 737,

87 S. Ct. 793; *People* v. *Murdock,* 39 Ill.2d 553; and *People* v. *Cagle,* 41 Ill.2d 528, the defendant urges that it was incumbent upon the prosecution to inform his attorney of this evidence. We feel such argument is misplaced.

His cited authorities are inappropriate. He knew of the report and was informed of the results of the analysis, yet he did not apprise his attorney of those facts. None of the cases cited by defendant require disclosure of evidence when the accused is aware of its existence and specific contents. We accordingly hold that where a defendant is fully informed as to matter possessed by the State which would not necessarily be exculpatory, and does not exhibit any interest in its procurement until after he has been found guilty, no deprivation of due process has been shown.

In addition, the petitioner in this court, relying on *Stovall* v. *Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, also contends that his constitutional rights were violated when he was taken for identification to the victim's apartment immediately after his arrest. She was nervous and hysterical at the time and did not then identify the petitioner, although she later identified him at a line-up. Her hysterical condition is attested to by her testimony at trial of what transpired in her apartment: "About 7:00 some policemen brought the defendant Robert Raymond up to my apartment. I did not [identify him]. I was frightened of him. I was all upset and I couldn't talk. I told him to get him out, I said, 'Get him out of here.' I said, 'I don't want to see him. Get him out of here.'" It is clear to us after examining the record in this case that the encounter between defendant and the complaining witness at her apartment was not sufficient to affect her subsequent identification of him. It is to be further noted that defendant took full advantage at trial of the victim's initial failure to identify him. Although the procedure followed by the police has been widely condemned, we find that after considering the totality of the circumstances of this case, defendant's constitutional rights

were not violated. Cf. *Stovall* v. *Denno* (1967), 388 U.S. 293.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.