THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE PETTY, Defendant-Appellant.

(No. 11369; ▮▮▮▮▮▮)

Fourth District—February 17, 1972.

Robert J. Waaler, Assistant Public Defender, of Champaign, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (William R. Gaston, Assistant State's Attorney, and L. Keith Hays, Junior Law Student, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In January 1970, the defendant was indicted for aggravated assault, armed violence, and escape. The armed violence charge was dismissed before trial, a directed verdict was entered on the escape count; a jury trial resulted in the defendant's conviction upon the charge of aggravated assault. He was sentenced to the Illinois State Penitentiary for a term of not less than one, nor more than four years.

The circumstances surrounding this offense indicate that a warrant had been issued for the arrest of the defendant in connection with a driving violation. On January 20 a police officer went to the home of the defendant to arrest him on this charge. The officer did not have the warrant with him, and there was some discussion as to the authority of the officer to make the arrest without the warrant. Finally, the officer allowed the defendant to eat or finish eating and change clothes before leaving for the police station. As they left the defendant's residence and approached the police car, the officer observed that the defendant had a gun in his hand. As the officer attempted to draw his weapon, the defendant pointed the gun at the officer and told him to drop his weapon. Thereupon, the officer started backing toward the police car and eventually dived for cover behind it and radioed for help. There is testimony by the officer that the defendant kept his gun pointed downward until the officer attempted to draw his gun. Another officer arrived on the scene soon after the radio call for assistance. The defendant ran back toward his house and into the area of a school building. He was subsequently arrested on the roof of the building and a weapon that had been concealed was found.

Upon this appeal the defendant asserts that the evidence is not sufficient to convict beyond a reasonable doubt in that the officer's conduct did not show him to be in reasonable fear of receiving a battery and further that the use of force by the defendant was justified in view of the officer's conduct. We reject this contention.

■■ Section 7—7, of chapter 38 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 7—7) provides in substance that a person is not authorized to use force to resist an arrest under the circumstances here demonstrated even if he believes the arrest is unlawful. While there is some conflict in the evidence as to the circumstances surrounding the actions of the defendant and of the officer, there is sufficient credible evidence from which the jury could have believed that that which we have related is essentially what transpired. That which the officer did here seems neither unnatural nor unreasonable. When an arrested person has a gun in his hand and ultimately orders an arresting officer to unarm himself, we cannot and will not say that the officer could not reasonably be in apprehension of receiving a battery. Thus, as we review this record the jury was fully warranted in its verdict.

The defendant filed a motion challenging the venire and seeking to discharge the jury panel. He there asserted that 10% of the residents of the County of Champaign were black and that the jury panel did not contain a proportionate percentage of blacks.

■■ The issue sought to be raised in the trial court and on appeal

alleging the systematic and deliberate exclusion of blacks from the jury is disposed of by the opinion of our supreme court in *People v. Cross*, 40 Ill.2d 85, 237 N.E.2d 437. We find no basis here to distinguish *Cross*. Here, as there, the only matter relating to systematic and deliberate exclusion was the assertion of that fact—such is not sufficient to establish a *prima facie* case of systematic exclusion requiring proof by the State which would negate purposeful discrimination.

■■■ During the direct testimony of the defendant's wife, she was asked what happened as they were sitting in the living room. She responded that they were talking and she asked the officer "* * * why they was always arresting Eugene, * * *". Upon cross-examination of this witness, the prosecution inquired as to how many times Eugene had been arrested. There was an objection to this question and the objection was sustained. Notwithstanding this, it is now contended that such constituted prejudice to the defendant by indicating his propensity to commit crime and thus depriving him of a fair trial. While it is true that evidence tending to establish the commission of other crimes at other times can be prejudicial, when the defendant has opened the door for such testimony, he is in no position to complain of proper cross-examination as to matters elicited from his witness on direct. Aside from this point, the trial court sustained an objection and we perceive of no error and certainly no prejudicial error.

■■ Finally, subsequent to the defendant's testimony, evidence was introduced as to a prior conviction, a 1959 forgery conviction. In overruling the objections to this conviction, the trial court stated: "The Court feels it will exercise its discretion and allow the proof of prior convictions because it does effect credibility, * * *". This trial was before the decision of the Illinois Supreme Court in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. The rulings of the trial court, however, were within the provisions of Rule 609 of the federal rules discussed in *Montgomery* and adopted as applicable in future cases. The decision in *Montgomery* is clearly dispositive of this issue. In this connection, we note that while the evidence of conviction was slightly more than 10 years prior to the date of the trial, it was less than 10 years since the release of the witness from confinement under that conviction, and we further note that the offense—forgery—is one involving deceit, fraud, cheating, or stealing as discussed in *Montgomery*. The judgment of the Circuit Court of Champaign County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.