THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY ROY SIMS, Defendant-Appellant.

(No. 11680;

Fourth District—April 18, 1972.

Morton Zwick, Director of Defender Project, of Chicago, (John F. McNichols and Bruce L. Herr, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In 1965, following a jury trial, the defendant was convicted of rape, armed robbery and aggravated kidnapping. He was given three con-

current sentences, the longest minimum sentence being 25 years and the longest maximum sentence being 50 years. Upon direct appeal, this court affirmed (74 Ill.App.2d 352, 220 N.E.2d 3 (1966).) No issues of constitutional dimensions were raised, argued, or decided in that appeal.

In June of 1967, defendant filed *pro se* a post-conviction petition alleging deprivation of constitutional rights in several particulars relating to his arrest, his detention, and also urged that the prosecution used the perjured testimony of the defendant's alleged accomplices. Upon the filing of that petition, counsel was appointed, but there is no indication in the records that counsel consulted with the defendant or that he amended defendant's *pro se* petition as would now be required by reason of *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566.

In September 1967, an order was entered dismissing the petition as filed by the defendant. The order of dismissal recited that the allegations were not sufficient to raise any constitutional question; that the conviction had been affirmed upon direct appeal; that the petition was insufficient in form; and that the matters sought to be raised could have been raised in the defendant's original appeal and are thus *res judicata*. No appeal was taken from the dismissal of the first petition.

On September 10, 1968, defendant filed a second post-conviction petition and the same counsel was appointed. Attached to the petition were the affidavits of two of defendant's alleged accomplices, Joel Gentry and Jerry Crum, admitting they had testified falsely at the trial and reciting fear of enhanced penalties if they did not so testify. The affidavit of Crum bears the date of November 30, 1966 and it would thus appear that such was available in support of the allegations of knowing use of perjured testimony found in the first post-conviction petition but not available at the time of the direct appeal of the conviction.

The People filed a motion to dismiss the second post-conviction petition. Counsel filed an amended petition. This was followed by another motion to dismiss and in May 1970 the amended post-conviction petition was dismissed, the trial court concluding that the matters therein alleged did not raise a constitutional question but were restatements of prior factual questions. Defendant filed a notice of appeal to this court.

Essentially, the defendant asserts here that the second amended petition raised constitutional questions and was proper in form although he does concede that two issues—the asserted inflammatory argument of counsel and the fact that the conviction was based upon uncorroborated testimony—were decided adversely to his contentions upon the initial appeal.

There is substantial authority, as the People contend, that post-conviction proceedings may not again seek to litigate matters that were not

raised upon the direct appeal from the conviction but which could have been. Such conclusion is founded upon the necessity of finality. The defendant suggests, however, that this standard based upon waiver should be and has been relaxed in those cases where fundamental fairness requires such action. See *People v. Raymond,* 42 Ill.2d 564, 248 N.E.2d 663, and cases there cited.

■■ In the *Raymond* case, the defendant had been convicted and his conviction was affirmed upon appeal. His first post-conviction petition was dismissed and not appealed. His second post-conviction was dismissed and that was appealed. The court held that the doctrine of waiver was not applicable to the issue of suppression of evidence favorable to the defendant even though the same might have been raised upon direct appeal. We see no substantial difference between the factual situation in *Raymond* and that which we find in this record. An allegation of suppression of evidence favorable to the defendant, as well as an allegation of a conviction founded upon perjured testimony, whether knowingly used or inadvertently used, is of constitutional dimension. The language in the case of *Jones v. Kentucky,* 97 F.2d 335, is appropriate here:

"'[T]he fundamental conceptions of justice which lie at the base of our civil and political institutions' must with equal abhorrence condemn as a travesty a conviction upon perjured testimony if later, but fortunately not too late, its falseness is discovered * * *. [T]he state in the one case as in the other is required to afford a corrective judicial process to remedy the alleged wrong, if constitutional rights are not to be impaired."

■■ The order dismissing the first post-conviction petition determined only the sufficiency of the petition and related essentially to form. The dismissal of the second petition based upon the dismissal of the first as *res judicata* was error. The amended petition raised substantial constitutional issues that have not as yet been decided on their merits after an evidentiary hearing. Such is required in this case and upon these facts.

The judgment of the circuit court of Macon County is reversed and this cause is remanded to that court with directions to conduct an evidentiary hearing upon the allegation of use of perjured testimony as set forth in the amended post-conviction petition. If such hearing establishes the existence of perjured testimony, the judgment of conviction is to be vacated and a new trial ordered.

Reversed and remanded, with directions.

SMITH and SIMKINS, JJ., concur.