THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELISEO GONZALES, Defendant-Appellant.

(No. 11970; ▮▮▮▮▮▮)

Fourth District—February 7, 1973.

Phelps, Russell & Kasten, of Carlinville, (Carl E. Kasten, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Eliseo Gonzales was indicted for murder, tried before a jury and convicted. On September 28, 1966, he was sentenced to an indeterminate term of 40 to 70 years in the penitentiary. The conviction was affirmed on direct appeal. *People v. Gonzales*, 107 Ill.App.2d 44, 245 N.E.2d 791.

On June 14, 1971, by appointed counsel, defendant filed his Amended Petition for Post-Conviction Relief. The amended petition was signed, and its contents sworn to by defendant. The amended petition was assigned to a judge other than the judge who presided at the trial on the merits, and was dismissed without an evidentiary hearing. This appeal is from that order.

■■■ Every issue raised in the Amended Petition for Post-Conviction Relief (with two exceptions) was presented to this Court in the direct appeal and our rulings in that appeal are *res adjudicata* as to those issues. (*People v. Collins*, 39 Ill.2d 286, 235 N.E.2d 570; *People v. Weaver*, 45 Ill.2d 136, 256 N.E.2d 816; *People v. Ikerd*, 47 Ill.2d 211, 265 N.E.2d 120.) One of the exceptions above noted involved procedures at the preliminary hearing stages of the case where there was initially a finding of no probable cause then, on a second complaint, a finding of probable cause. The transcripts of both proceedings are in the record and either were, or could have been made, available to defendant at the time of the direct appeal, these are not matters *dehors* the record. His failure to raise any question concerning the preliminary hearings on the direct appeal waives any questions which could have been presented at that time. (See *Collins, Weaver* and *Ikerd* cited above.) In addition the finding, during preliminary hearing, as to probable cause, is not binding on the Grand Jury. *People v. Bonner*, 37 Ill.2d 553, 557, 229 N.E.2d 527.

■■ The other exception, above noted, is defendant's allegation that he was deprived of the effective assistance of counsel in the direct appeal in that no appeal was taken from the decision of the Appellate Court. There is no allegation that counsel did not ably prosecute that appeal, or that he failed to present issues which should have been presented and which would have affected the disposition of the cause on the appeal. We find defendant's contention on this point to be without merit and the allegations of the petition relating thereto insufficient to raise an issue of constitutional dimensions. *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.