THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOB G. FORBIS, Defendant-Appellant.

(No. 12012;

Fourth District—July 5, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, Staff Attorney, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Patrick M. Walsh, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In a jury trial in 1968, defendant was found guilty of burglary. He was sentenced to a term of not less than 5 years nor more than 15 years in the penitentiary. Defendant was originally brought to trial in 1967, but on defendant's motion a mistrial was declared, because in the People's opening argument the jury was informed of defendant's three previous convictions. The same appointed counsel represented defendant at each proceeding. Upon direct appeal from defendant's conviction, this court affirmed. (109 Ill.App.2d 220, 248 N.E.2d 298.) The only issue raised on appeal was the prejudicial argument of the prosecutor.

In November 1970, and again in January 1971, defendant filed *pro se* a post-conviction petition. Upon the filing of the petition, the trial court appointed counsel other than the one representing defendant at trial. Counsel filed an amended petition asserting the following as grounds for relief:

1) that he had been subjected to double jeopardy because of a former mistrial on the same charge on which he was ultimately convicted;

2) that his prior conviction for burglary should not have been introduced to impeach his credibility at the second trial;

3) that he had been denied his right to the effective assistance of counsel at the trial since:

(a) counsel failed to raise the double jeopardy objection;

(b) counsel brought up a 1960 conviction over defendant's objection;

(c) there was a conflict of interest since counsel represented an alleged accomplice, Joseph Brown, and

(d) counsel failed to attempt to establish an alibi in spite of defendant's request that he do so;

4) that he was denied the effective assistance of counsel on appeal because of counsel's failure to raise the constitutional questions alleged in the post-conviction petition.

The court dismissed the amended petition on the People's motion and found that an evidentiary hearing was not required. This appeal is from that order.

The trial court found that the issues presented in the petition were waived and that the record did not support the claim of incompetency of counsel. Essentially, defendant contends that the trial court erred in finding waiver since the post-conviction petition alleged matters dehors the record which could not have been raised on direct appeal. The issues raised on appeal are the same as those set out in defendant's post-conviction petition.

■■ When a direct appeal is taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and issues that could have been presented but were not are deemed waived. (*People v. French,* 46 Ill.2d 104, 262 N.E.2d 901, *cert. denied,* 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636; *People v. Gonzales,* 9 Ill.App.3d 661, 292 N.E.2d 765.) However, this standard based upon waiver should be and has been relaxed in those cases where fundamental fairness requires such action. (*People v. Hamby,* 32 Ill.2d 291, 205 N.E.2d 456; *People v. Sims,* 4 Ill.App.3d 878, 282 N.E.2d 16.) The first three issues raised by defendant did not involve matters *dehors* the record and could have been raised on direct appeal. The issues do not present a situation in which the doctrine of fundamental fairness requires the relaxation of the waiver principle.

■■ There is no merit in defendant's contention that he was placed in double jeopardy in the second trial which followed the allowance of

his motion for a mistrial as to the first proceeding. As the court stated in *People v. Woodward,* 394 Ill. 433, 69 N.E.2d 181, *cert. denied,* 329 U.S. 778, "defendant cannot, by his own act, avoid the jeopardy on which he stands and then assert it as a bar to subsequent jeopardy." (P. 435.) (See also *People v. Chaffin,* 49 Ill.2d 356, 274 N.E.2d 68.) There is no indication in the record that the mistrial was caused by the prosecution to secure an unfair advantage. (*United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543; see also *Illinois v. Somerville,* 93 S.Ct. 1066, 35 L.Ed.2d 425.) This issue was not raised at the second trial nor was it raised on appeal. The granting of the new trial was a matter of record before the appellate court, and defendant's failure to raise the issue on direct appeal waives any question which could have been presented at that time.

■■■ Defendant further alleged that his privilege against self-incrimination was violated because of the introduction of his 1960 conviction for burglary at his trial in 1968. Testimony concerning the prior conviction was elicited from defendant on direct examination by his counsel. It is a well-recognized rule that a defendant cannot on review object to testimony which he himself introduced. (*People v. Sledge,* 71 Ill.App. 2d 285, 218 N.E.2d 845.) No objection was made to this question. Furthermore, although defendant's trial was before the decision of the Illinois Supreme Court in *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695, the evidence of the prior conviction was within the provisions of Rule 609 as discussed in *Montgomery.* (*People v. Petty,* 3 Ill. App.3d 951, 279 N.E.2d 509.) Thus, defendant's contention on this point is without merit.

■■ Defendant asserts that he was denied the effective assistance of counsel at his second trial. It cannot be argued that counsel was incompetent for failure to raise issues which were without merit; thus, it cannot be argued that defendant was denied the effective assistance of counsel because of counsel's failure to raise the issue of double jeopardy and because of the introduction of the prior burglary conviction. Defendant asserts that a conflict of interests existed because counsel represented at a prior trial an alleged accomplice of defendant. Regardless of whether any specific prejudice to defendant is shown, the existence of a conflict of interests between a defendant and a prosecution witness requires separate representation of these parties. (*People v. Dolgin,* 415 Ill. 434, 114 N.E.2d 389; 27 A.L.R.3d 1431, "Counsel-Representation of Witnesses".) At defendant's trial, Joseph Brown testified as to incriminating statements made by defendant. However, the situation is different from that in *People v. Ware,* 39 Ill.2d 66, 233 N.E.2d 421, cited by defendant. There, a co-defendant having pleaded guilty and not yet hav-

ing been sentenced, testified against the defendant. Brown had already been tried and sentenced and had nothing to gain in testifying against the defendant. Thus, counsel was not in a "position of ambivalence" towards the defendant because of his continuing representation of Brown.

■■ At the hearing on defendant's motion for a new trial, the trial court considered defendant's contention that counsel was incompetent because of his failure to call an alibi witness. Counsel informed the court that he had not been informed of the existence of such a witness prior to the conclusion of the second trial. The trial court indicated that counsel had been more than diligent in his representation of defendant. It is also a matter of record that defendant refused to give the name of the alleged alibi witness to counsel who represented him on appeal. Counsel who represented defendant in the post-conviction proceeding was aware of the name of the alleged alibi witness. However, there is nothing in the record to indicate that the witness would have indeed provided an alibi on the night of the robbery for defendant. Thus, there is no merit in defendant's contention. The issue has been waived for defendant's failure to present it on direct appeal.

■■ It has been held that the doctrine of waiver ought not bar issues from consideration under the Post-Conviction Hearing Act where the alleged waiver stems from the incompetency of appointed counsel on appeal. (*People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25.) Defendant acknowledges the fact that the incompetency of appellate counsel becomes an issue only if this court should disagree with defendant's contention that matters in the post-conviction petition could not have been raised on appeal. The trial court found that there was nothing in the record to support defendant's fourth contention "other than lack of success of the Petitioner; and nothing presented or contended in this hearing that warrants an evidentiary hearing as to said point." We agree. There is nothing in the record to indicate that counsel did not ably prosecute the appeal or that he failed to present issues which should have been presented and which would have affected the disposition of the cause.

The judgment of the circuit court of Macon County is affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.