THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY ROY SIMS, Defendant-Appellant.

(No. 12027;

Fourth District—June 27, 1974.

John F. McNichols and Theodore A. Gottfried, both of the State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant was tried before a jury, convicted of rape, armed robbery and aggravated kidnapping. He was sentenced 25 to 50 years for rape, 15 to 30 years for armed robbery and 20 to 40 years for the aggravated kidnapping, all sentences to run concurrently. On direct appeal the convictions were affirmed. (74 Ill.App.2d 352, 220 N.E.2d 3.) The issues raised in the direct appeal related to reasonable doubt, improper opening statement by the prosecutor and the trial judge's refusal to permit defendant to call the victim of the crime as his own witness.

In *People v. Sims*, 4 Ill.App.3d 878, 282 N.E.2d 16, this court reversed an order of the trial court which had dismissed defendant's petition for post-conviction relief without an evidentiary hearing. On remand a hearing was conducted, the issue presented being defendant's contention that his conviction had been predicated upon the perjured testimony of three accomplices. The trial judge, after hearing the testimony, denied the defendant's request to be retried and dismissed the petition. Defendant appeals from that order.

■■ Defendant urges that he is entitled to a new trial "* * * since the three witnesses admitted that they lied when they implicated the defendant in a crime." The resolution of defendant's post-conviction conviction contentions involved, on the part of the trial judge, the determination of the credibility of the accomplice witnesses. Recitation of the evidence and testimony would serve no precedential purpose. It was established that the witnesses had by affidavits executed at various times since Sims' conviction in 1965, changed their stories on several occasions, stating that their original testimony was true, then that it was untrue, then that one or another of the affidavits were untrue. During the hearing on the post-conviction petition all three stated that they had lied during the original trial. There was evidence that at least one of them

was aware of threats made to members of his family prior to the hearing, and a statement, by the witness of a third person, that he would not tell the truth during the hearing. The issue of credibility was squarely and thoroughly presented. The sole question was whether the three witnesses lied during the original trial or were they lying during the post conviction hearing. The trial judge found the latter proposition to be true and made a specific finding to that effect. We will not disturb that finding. *People v. Bracey*, 51 Ill.2d 514, 283 N.E.2d 685; *People v. Alden*, 15 Ill.2d 498, 155 N.E.2d 617.

Defendant also maintains that his "* * * constitutional guarantee of being proven guilty only by proof beyond a reasonable doubt was violated by the fact that the defendant had the burden of proving that the new evidence of perjury in the original trial was true." None of the cases cited in support of this proposition are in point. It is a strained argument which contends a denial of due process after trial by jury, succeeded by an avenue for post-conviction relief which requires only that defendant establish constitutional infirmity in his conviction. We find no merit to this contention.

■■■ Defendant also contends that the trial court erred in ruling on the admissibility of evidence, and unduly restricted defendant's cross-examination of the witnesses. Defendant argues that the trial judge erred in permitting the witness Arterburn to testify as to statements made by the accomplice witness Crum. This circumstance arose in the following manner: following Crum's testimony the State's Attorney called the witness Arterburn who was a sister of the accomplice witness Gentry. Over defendant's objections Arterburn testified that she had talked to Crum prior to his testifying and that he had told her that Sims was guilty but that he intended to testify to the contrary. Defendant urges that this testimony tended to impeach Crum, but that no foundation had been laid for that impeachment during Crum's cross-examination. When this objection was made in the trial court, the State's Attorney offered to recall Crum and question him as to whether the conversation with Arterburn had occurred. The trial judge did not require that the witness Crum be recalled prior to receiving Arterburn's testimony. This was not error. The provisions of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 122—6) provide the trial judge considerable latitude as to the types of evidence which he may consider in hearing and deciding petitions for post-conviction relief. The statute establishes, in pertinent part, that "[t]he court may receive proof by affidavits, depositions, oral testimony, or other evidence." Courts of review have recognized that in post-conviction proceedings the trial judge has wide discretion as to the type of evidence he will receive in ruling on the

allegations of the petition (*People v. Humphrey*, 46 Ill.2d 88, 263 N.E. 2d 77), and the taking of evidence dealing with the credibility of witnesses comes within the discretionary rule. (*People v. Wilson*, 13 Ill. App.3d 675, 300 N.E.2d 576.) In *Humphrey, supra,* an allegation of perjured testimony was the basis for the post-conviction relief sought. The court held that it was within the discretion of the trial judge to consider the unsworn statement of a witness. Accordingly we hold that it was within the discretion of the trial judge to receive and consider the testimony of the witness Arterburn.

Other contentions of error in the receipt of testimony and allegedly undue restriction of cross-examination do not merit discussion.

■■■ Defendant asserts that the imposition of concurrent sentences for aggravated kidnapping and armed robbery should be reversed "* * * since, they arose out of a single transaction in which the crime of rape was committed." The opinion of this court in *People v. Sims*, 74 Ill.App.2d 352, 220 N.E.2d 3, recited that defendant Sims and his three accomplices came upon the victim and her boy friend parked on a country road. At gunpoint, they robbed them. They then left the boy friend at the scene of the robbery and took the girl with them to a point some 5 to 6 miles distant. The rape was then committed. The armed robbery was complete prior to the kidnapping and rape, and was independently motivated, and is accordingly affirmed. The kidnapping was committed in order to effect the rape, and consequently the conviction for the charge for which the statute imposes the less severe penalty must be set aside under the authority of *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293; *People v. Russo*, 52 Ill.2d 425, 288 N.E.2d 412. The applicable statutes at the time of defendant's convictions of the aggravated kidnapping and rape were contained in articles 10 and 11 of the Criminal Code (Ill. Rev. Stat. 1965, arts. 10 and 11). The penalties prescribed for aggravated kidnapping and for rape were identical, *i.e.,* any indeterminate term with a minimum of not less than 1 year. Section 117—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, sec. 117—1(a)) provided that "a person who has been found guilty of any offense except a capital offense, the sale of narcotics *or rape* may be admitted to probation * * *." (Emphasis added.) We conclude that this reflects a legislative determination that the penalty for rape, as contrasted to the penalty for aggravated kidnapping, is the more severe penalty. The sentence and conviction for aggravated kidnapping are therefore set aside. Defendant's conviction for rape is affirmed as is the concurrent sentence imposed for that offense.

Defendant's convictions and sentences for armed robbery, and for

rape are affirmed. The conviction and sentence for aggravated kidnapping are reversed and the cause remanded to the circuit court with directions to issue an amended *mittimus*.

Affirmed in part, reversed in part and remanded with directions.

TRAPP, P. J., and CLYDESDALE, J., concur.