THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERVIN JOHN *et al.* Defendants-Appellants.

(No. 73-67; ▮▮▮▮▮▮

Second District—August 14, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCHOLZ delivered the opinion of the court:

Ervin John and Gordon Drake were each charged along with two other defendants in an indictment that contained four counts. They were charged with attempt to commit the crime of murder, aggravated assault and criminal damage to property. We are concerned here only with the appeals of the defendants, John and Drake.

The defendant, Drake, pled guilty to the crime of aggravated assault contained in count two and was sentenced to a term of 3 to 5 years in the penitentiary.

This court on August 7, 1973, pursuant to the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—2(b)(1))

granted a motion for summary reduction of sentence and discharged the defendant from the sentence.

The defendant, John, entered a plea of guilty to the crime of attempt to commit murder and was sentenced to serve 6 to 12 years in the penitentiary.

Basically the defendants, on appeal, contend that the trial court did not comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) in regard to admonishment and in regard to the acceptance of the plea of guilty and entering judgment thereon. In addition, the defendant, John, contends that his plea of guilty was not knowingly and intentionally entered and further claims that the trial court misstated the law concerning the availability of an affirmative defense.

Supreme Court Rule 402 and our supreme court's decisions in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, and *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773, are controlling.

■■ The plea of each defendant was a negotiated plea under Supreme Court Rule 402 in the sense that each defendant agreed to plead guilty to a specified count of the indictment on condition that the other counts of the indictment would be dismissed. There was no agreement in regard to either defendant as to sentence and there was no in camera discussion of the negotiations but rather all discussions were conducted in open court.

Rule 402 of the Illinois Supreme Court Rules provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea Is Voluntary. The court

shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court * * * shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea.

(c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

In *People v. Krantz*, the supreme court said at page 192:

"We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. [Citation.] Also, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. [Citations.]"

The court then reviews, in *Krantz*, *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, and says:

" "* * * [*McCarthy*] emphasizes the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. * * *" " 58 Ill.2d 187, 192.

Further in *Krantz*, the court says:

" '[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.' (*People v. Doyle*, 20 Ill.2d 163, 167; * * *.)

* * *

Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial." 58 Ill. 2d 187, 193, 194-95.

*People v. Krantz*, in the position this court adopts, is further buttressed by *People v. Dudley*, where the supreme court says, at page 60:

"It does not follow, however, that the failure to comply with these provisions of Rule 402(b) must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. When questioned by the judge the defendant expressed himself as being satisfied with the plea agreement which had been negotiated for him by his attorney, and even now there is no expression

of dissatisfaction with the plea agreement's terms. And finally, there is no contention by the defendant that the plea agreement was not honored—no claim that the sentence imposed was not the one agreed upon. What we observed in *People v. Morehead*, 45 Ill. 2d 326, 332, is appropriate here: 'It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied * * *.' " Also see *People v. Wilcoxen*, 23 Ill.App.3d 377, 319 N.E.2d 86, *People v. Dye*, 23 Ill.App.3d 431, 319 N.E.2d 541.

We do not condone the manner in which this case was handled and yet we do not reverse merely because of lack of form. The court's examination of the entire record clearly indicates that each of the defendants understood the nature of the charge, the minimum and maximum sentences prescribed by law, his right to plead not guilty and to persist in that plea and that by pleading guilty, he waived trial, trial by jury and the right to be confronted by the witnesses against him. Further, the trial court determined from each of the defendants that the plea of guilty was voluntary and, as stated previously in this opinion, all negotiations concerning a plea agreement and the plea agreement were stated in open court. The factual basis for the plea from each of the defendants is clearly shown by the record. It should be noted that each of the defendants described in detail under oath what happened at the time of the incident. Each demonstrated clearly the ability to recall, the ability at the time of the incident to observe and complete lucidity concerning the events that transpired, including a considerable time prior to the actual incident.

■■ The defendant, John, contends that the plea of guilty was not intelligently tendered because the defendant was denied the opportunity to affirmatively defend on the basis of intoxication and buttresses his argument by the contention that defense counsel and the trial court misstated the law applicable to the affirmative defense of intoxication. It is obvious from an examination of the record that both the defendant, John, and his attorney, were aware of the possible affirmative defense of intoxication, that they had considered such a defense and had concluded that while such a defense may have been available to him, it could not be successfully used and that the plea, as negotiated for the defendant, John, was in his best interest.

There is no showing that justice has been denied to either of the defendants. For the reasons stated, the judgments and sentences, as modified, of the trial court are affirmed.

Affirmed.

G. MORAN and CARTER, JJ., concur.