THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP DONALDSON, Defendant-Appellant.

Fourth District   No. 13660

Opinion filed December 16, 1976.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Jeanne E. Scott, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After trial by jury in the Circuit Court of Sangamon County, defendant Phillip Donaldson was convicted of the offenses of deviate sexual assault and aggravated kidnapping. Judgments were entered on the convictions as to each charge and defendant was sentenced to concurrent terms of 6 to 18 years imprisonment. Upon appeal he contends that: (a) entry of separate judgments of conviction and imposition of separate sentences were improper because both offenses arose from the same conduct and (b) the sentences were excessively severe.

The evidence showed that as the prosecutrix entered her car in a parking lot near the State House Complex in Springfield, defendant jumped in beside her, placed a knife to her throat and forced her to lie in the front seat with her head on his lap. Defendant then drove the car to a secluded place on a country road. During the ride, defendant told the prosecutrix that he was with "the syndicate" and that "the syndicate" wanted her as a prostitute. Upon stopping he forced her to commit two acts of oral sex. Defendant later returned prosecutrix and her car to near the place from which he had abducted her.

■■ Although defendant talked of abducting the victim so that she

would become a prostitute for "the syndicate," it is clear that his objective, purpose and motive in kidnapping her was to commit deviate sexual assault. In *People v. Sims* (1974), 20 Ill. App. 3d 1068, 313 N.E.2d 663, this court held that a conviction of aggravated kidnapping could not stand together with a rape conviction when the kidnapping was committed in order to perform the rape. The State contends that the holding in *Sims* is contrary to the holding in *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, and decisions of other districts of the appellate court decided after *Sims*. In *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55, we again ruled that separate convictions for aggravated kidnapping and rape cannot stand when the kidnapping was done for the purpose of committing the rape. The majority concluded in *Meredith* that *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, had held that multiple convictions for closely related conduct are impermissible if the offenses are committed with the same and continuous objective, purpose and motivation. Since that is clearly the case here, separate convictions cannot stand.

In the instant case, the victim stated that defendant committed two acts of deviate sexual assault. The indictment charged that a deviate sexual assault was the aggravating factor causing the kidnapping to become an aggravated kidnapping. The State contends that accordingly the aggravated kidnapping was complete with the first deviate assault and that the second deviate assault would support a second conviction. However, the objective, purpose and motivation of the defendant did not change between the first and second deviate assault. In *Williams* separate convictions for burglary and armed robbery were not permitted to stand although the burglary was complete as soon as the house was entered with felonious intent even though the armed robbery had not yet begun.

When multiple convictions for closely related conduct are held on review to be improper, the practice has been to reverse all convictions except that for the most serious offense. (*Williams; Meredith.*) In the instant case the statutorily prescribed punishments for the two offenses are the same. Aggravated kidnapping where, as here, no ransom was requested and deviate sexual assault are both Class 1 felonies for which the death penalty may not be imposed. (Ill. Rev. Stat. 1973, ch. 38, pars. 10—2(b)(2) and 11—3(b).) Since the purpose of the doctrine of prohibiting separate sentences is to protect the defendant from prejudice before the parole authorities (*People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316), it would seem illogical to permit the separate convictions to stand merely because the permissible sentences for convictions happened to be of equal severity.

■■ A difference between the two offenses for which defendant was convicted is that, as charged here, the deviate sexual assault is an included

offense of the aggravated kidnapping and, thus, the aggravated kidnapping is the more comprehensive offense. *Schlenger* dealt with multiple sentences imposed for a principal offense and an included offense. The court set aside the sentence for the included offense. The court stated that the sentence on the included offense was being set aside because that offense was the less serious of the offenses but also noted that the conduct comprising the included offense was necessarily covered by the conduct comprising the principal offense. (See also *People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299.) In *People v. Lerch* (1972), 52 Ill. 2d 78, 284 N.E.2d 293, where the included offense carried a more severe penalty than the principal offense, the conviction on the included offense was permitted to stand and the conviction on the principal offense was reversed. Here, where the punishment for the offenses is the same and no other criteria exists to distinguish the offenses, we deem it appropriate to set aside the conviction and sentence for the included offense.

■■ Defendant's contention that the sentence is excessive is based upon his record of no previous criminal convictions, a satisfactory work record and indications that his wife is willing to try to help him. The minimum term for a Class 1 felony must be at least 4 years and the maximum term can be any period in excess of the minimum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) The circumstances of the offense whereby the evidence indicated that the defendant placed a knife at the victim's throat and committed two acts of deviate sexual assault justified the fixing of a minimum term 2 years larger than the shortest minimum that could be imposed and the fixing of a maximum term three times the minimum term.

The conviction and sentence for aggravated kidnapping are affirmed. The conviction and sentence for deviate sexual assault are reversed. The case is remanded to the Circuit Court for issuance of an amended mittimus.

*Affirmed in part, reversed in part and remanded.*

CRAVEN, P. J., and REARDON, J., concur.