(No. 36891.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY MURFF, Plaintiff in Error.

*Opinion filed November 26, 1963.*

JOHN C. TOWER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

The defendant, Leroy Murff, was found guilty of assault with intent to commit robbery and assault with intent to commit murder at a bench trial in the criminal court of Cook County, then sentenced to concurrent terms of 10 to 14 years in the penitentiary. He now seeks a reversal of the trial court judgment on the grounds that the evidence against him was insufficient and that the trial court erroneously limited his right of cross-examination.

On November 27, 1960, Victor Tucker, a cab driver, picked up defendant Murff, together with co-defendants Harry Graves and Evelyn Morgan, and drove them to 43rd and Champlain streets in the city of Chicago. On the way the cab made a stop in traffic and defendant catapulted into the cab's front seat and claimed he was injured. Upon arriving at 43rd and Champlain the defendant then said "Let's take him in the building with us." Tucker then quickly drove away, a shot was fired by the defendant and then Tucker stopped the cab. Defendant then fired two more shots and walked to the door of the cab and pointed the gun at Tucker. Tucker then testified that he laid down on the front seat before getting out of the cab and that the defendant walked to the front door, pulled it open, put the pistol to his face and pulled the trigger. Tucker then fled from the cab and ran to a nearby church, stating that at this time two other shots were fired at him by the co-defendant Evelyn Morgan.

William Beathea, an eyewitness, testified that he was in his apartment at 542 East 44th Street at the time of the occurrence, heard a shot and looked out of the window. He saw the defendant shooting at a taxicab. He also saw Tucker run into the church and saw the defendants standing outside of the cab.

The defendant admitted firing one shot into the roof of the cab while he was still inside of it and stated that his

reason for doing so was to force the driver to stop. He, together with Graves, testified that an accident had almost occurred when the cab stopped suddenly catapulting the defendant from the back to the front seat and that the defendant's forehead struck the windshield and knocked him unconscious. Defendant admitted that when he got out of the cab he walked to the rear of it and fired through the back window and into the rear fender of the cab. Tucker testified that when he had returned to his cab a cigar box containing about $5 in change was missing.

From our examination of the record we are unable to agree with the defendant's contention that the evidence is insufficient to show the criminal intent of the defendant in this case. The trial court was wholly justified in finding that the firing of the shots by the defendant under the circumstances were either with malice aforethought or with a total disregard of human life and under such circumstances the defendant may be convicted of an assault with intent to kill and murder the person so attacked. *People* v. *Wilson*, 342 Ill. 358.

The existence of a concurrent intent to both kill and rob is not uncommon in such patterns of criminal conduct. A specific demand for money is not necessary to prove the intent to rob. (*People* v. *Leahy*, 295 Ill. 588.) Although intent is a matter of fact and cannot be implied as a matter of law, criminal intent may be shown by circumstantial evidence. (*People* v. *Perry*, 23 Ill.2d 147.) The trial court heard certain testimony to the effect that the injury of the defendant was feigned, that defendant had made a remark to the others with him concerning the taking of Tucker into the building with them and had the right to disbelieve certain explanations tendered by them concerning their conduct. There was no error in the admission of this testimony. Under these circumstances we cannot say that the trial judge was not warranted in finding defendant guilty beyond a reasonable doubt.

We have carefully examined the record concerning the defendant's claim that he was unduly restricted in his cross-examination of various witnesses. We have found that no prejudice to the defendant's rights has resulted from the trial court rulings and that he was afforded a fair trial.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*