## People of the State of Illinois, Defendant in Error, v. Jack Landis, Jr., Plaintiff in Error.

### Gen. No. 50,492.

First District, Fourth Division.

January 14, 1966.

Philip M. Sullivan, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was indicted for the crime of robbery (Indictment No. 62–855) and in a separate indictment (No. 62–856) was charged with aggravated kidnaping and attempted rape. He changed his plea of not guilty to guilty on the robbery indictment and was sentenced to not less than five nor more than ten years in the penitentiary. He was tried by the court and found guilty on the second indictment and sentenced to not less than five nor more than twenty years, the sentences to run concurrently. Defendant sued out a writ of error in the Supreme Court and the case was transferred to this court.

As to the robbery charge defendant contends that the court accepted the plea of guilty on May 14, 1962, without complying with the standards set forth by statute (Ill Rev Stats 1961, c 38, § 732) and by Rule 26(3) of the Supreme Court in that nothing was said about (1) the

maximum sentence which could be imposed; (2) the nature of the crime charged and (3) defendant's right to a jury trial.

The actual admonishment by the court was:

> Mr. Landis, when you plead guilty to a charge such as this, the Court may sentence you to a term in the penitentiary in excess of one year. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I take it you are pleading guilty to the charge of robbery because you did in fact rob this woman?
>
> THE DEFENDANT: Yes, sir.

■■ The court's failure to apprise the defendant of his right to a jury trial is not error when defendant pleads guilty. People v. Outten, 22 Ill2d 146, 174 NE2d 685. The sufficiency of the admonishment to the defendant is governed by the recent Supreme Court decision in People v. Mackey, 33 Ill2d 436, 211 NE2d 706. The defendant in that case pleaded guilty to two indictments charging him with rape and five indictments charging him with armed robbery after an admonishment by the court as follows:

> Now, Mr. Mackey, these eight indictments remaining they all either charge rape or robbery and, the Court may sentence you in each of those cases to a term in the penitentiary of more than one year. You understand that this is the penalty provided by law?

To this question the defendant answered: "Yes, sir." The court held the admonishment to be insufficient, stating at page 438 that:

> Such an admonition clearly did not apprise the defendant of the "punishment fixed by law" for the crimes of rape and robbery. Defendant's re-

sponse that he understood he could be sentenced
to a term of "more than one year" in the penitentiary
also falls far short of the showing required by
[Supreme Court] Rule 26.[1]

Accordingly, we conclude that the admonishment to the
defendant in the instant case was insufficient and there-
fore it was error for the trial court to accept and enter
defendant's plea of guilty to robbery.

We next consider defendant's contention that he was
not proved guilty beyond a reasonable doubt of aggra-
vated kidnaping or attempted rape as charged in separate
counts under Indictment No. 62–856. The complaining
witness, Mrs. Kinney, testified substantially as follows:

On February 23, 1962, I had occasion to see the
defendant.

I left my husband in Wesley Hospital about seven
o'clock that evening, took the Outer Drive south to
Hyde Park shopping center and went into the drug
store there. When I came out about a quarter of
eight I got into my car. Before I could start the
defendant opened the door on the driver's side,
thrust a gun at me and told me to move over or he
would blow my head off. I moved across to the
passenger's side and he got in. He told me he wanted
to get away from the neighborhood and go to the
nearest bus stop. He drove over to Stoney, swung
through the park going west and eventually got to
Drexel and drove north to 47th Street. I pointed

---

[1] Supreme Court Rule 26(3) (Ill Rev Stats 1963, c 110, § 101.-
26(3)) provides in relevant part:

The court shall not permit a plea of guilty . . . by any person
accused of a crime for which, upon conviction, the punishment may
be imprisonment in the penitentiary, unless the court finds from
proceedings had in open court at the time . . . the plea of guilty
[is] entered . . . that the accused . . . understands the nature
of the charge against him and the consequences thereof if found
guilty. . . .

461

out that the El was an excellent place to get transportation, but he drove past and circled around north and east so that it came to a stop underneath the El around 49th Street. At this time he told me that I would be a fool to believe all he wanted to do was to get away from the area. He forced me to get into the back seat of the car and he followed. After some time he stepped out of the car. He took twenty or twenty-five dollars from me. When he got back in the car he beat me around the face and head and attempted to lift my skirt up and rape me.

Defendant testified:

I first met this lady in the evening of February 23, 1962, around the shopping center around Hyde Park. I know everything I did after I met this lady. I was running from somebody and I wanted her to drive me away from this neighborhood. I had been in a fight and somebody was after me.

I drove the car. I backed up, came out of the parking lot, went to my right, ran a stop sign and went back to the right again. I made a U-turn and ran in the park. About this time I was lost; I didn't know where I was. I got this toy gun from some kids who were playing with it. I did not try to have sexual intercourse with this lady. I told her that I needed help. She asked me if I was going to catch the El train. I told her I needed some money. She said she had about fifteen dollars and asked me if that would help. I said yes. When she gave me the money it was $24.00, so I took advantage of the situation and went in the purse and took the rest of the change. I am positive I did not pull the lady's dress up. I got out of the car and she thought it was a real gun that I had and slapped me several times. I did not keep her for six hours. This whole thing took place in less than an hour, less than half

462

an hour. When she snapped the gun at me I became angry. I slapped her a couple of times and threw her down in the seat. She thought I was trying to rape her and I told her that was not my intention. I don't have any way of knowing the correct time that I was arrested. It couldn't have been too late, no more than about 9:30 or quarter to ten o'clock.

■■ There must be a kidnaper before there can be an "aggravated kidnaping." [2] The gist of kidnaping, secret confinement,[3] must be proved beyond a reasonable doubt. Secret confinement was discussed in People v. Bishop, 1 Ill2d 60, 64, 115 NE2d 566:

> A person forcibly confined in an automobile constantly moving from place to place may be more secretly and effectively confined from the kidnapper's standpoint than one kept in a building or other place of incarceration. Common experience has shown that a victim and his kidnapper so situated can be most difficult to locate.

---

[2] Ill Rev Stats 1961, ch 38, § 10–2(a): A kidnaper within the definition of Section 10–1(a) is guilty of the offense of aggravated kidnaping when he:

(1) kidnaps for the purpose of obtaining ransom, money, benefit, or other valuable thing or concession from the person kidnaped or from any other person, or

(2) Takes as his victim a child under the age of 13 years, or

(3) Inflicts great bodily harm or commits another felony upon his victim, or

(4) Wears a hood, robe or mask or conceals his identity.

[3] Ill Rev Stats 1961, ch 38, § 10–1(a): Kidnaping occurs when a person knowingly:

(1) And secretly confines another against his will, or

(2) By force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will, or

(3) By deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will.

463

Moreover, the evidence shows that defendant confined Mrs. Kinney in the car while it was parked in a secluded area underneath the "El" track. The evidence establishes the crime of kidnaping beyond a reasonable doubt.

■■ The crime of aggravated kidnaping is complete when the kidnaper inflicts great bodily harm or commits another felony upon his victim. The defendant, according to the testimony of Mrs. Kinney, forced his way into her car at gunpoint and took $20 or $25 from her. Defendant testified that she gave him $24 and then he "took advantage of the situation and went in the purse and took the rest of the change." On cross-examination, after identifying a police officer, defendant testified: "I made an admission as to my guilt of robbery to him." This evidence sustains the defendant's conviction of aggravated kidnaping.

■ As to the count charging attempted rape the trial judge asserted: "The details of the attempted rape are not clear. It might have been otherwise, but that is only one part of the indictment. I find him guilty of the Indictment 62–856." Where there are multiple counts in an indictment a general finding of guilty will be sustained when the evidence sustains one count. People v. Link, 365 Ill 266, 6 NE2d 201.

The judgment and sentence under Indictment 62–855 is reversed and the cause remanded for further proceedings consistent with this opinion. The judgment and sentence under Indictment 62–856 is affirmed.

Reversed and remanded in part, affirmed in part.

McCORMICK and ENGLISH, JJ., concur.