THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSIE HAWKINS, Defendant-Appellant.

(No. 72-166;

Fifth District—February 26, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant pleaded guilty to burglary in the Circuit Court of St. Clair County and was sentenced to the penitentiary for a term of not less than two nor more than six years. In this appeal he contends that the then-existing Juvenile Court Act (Ill. Rev. Stat., ch. 37, sec. 702—7) denied him equal protection of the law and was unconstitutional in that it provided that 17-year-old boys could be prosecuted under the criminal laws but girls could not be until they were 18 years of age. He also contends that the admonitions of the trial court were insufficient to comply with Supreme Court Rule 401(b), now 402(a), in that the court did not inform him of the nature of the charge nor determine that he understood the charge and, further, that he was not informed that by pleading guilty he waived his right to a jury trial.

■■ The constitutionality of the Juvenile Court Act has heretofore been upheld on the identical issue posed here. (See *People v. McCalvin*, 55 Ill.2d 161; *People v. Schanuel* (No. 72-343), —— Ill.App.3d ——; *People v. Douglas* (No. 72-279), —— Ill.App.3d ——.) We consider these cases dispositive of the issue and we find no reason to discuss it further.

■■ Also we have recently had occasion to consider the requirements of Supreme Court Rule 402(a). In *People v. Billops* (1974), 16 Ill.App.3d 892, we determined that section (a)(1) of the Rule required the court to address the defendant personally in open court to inform him of the elements of the crime with which he was charged and to determine that he understood it. In *People v. Spencer* (1974), 16 Ill.App.3d 899, we held that section (a)(4) of the Rule required the court to inform defendant specifically that by pleading guilty he was waiving his right to trial by jury, and that, absent such explanation, even the signing of a jury waiver was insufficient to comply with the Rule. (*People v. Carle*, 8 Ill.App.3d 56; *People v. Cummings*, 7 Ill.App.3d 306.) In each of these cases the cause was reversed and remanded because of the insufficiency of the trial court's admonition.

In the case before us we have examined the record and we find that the trial court not only failed to make any attempt personally to define the crime of burglary, other than to refer to it by name, but also wholly neglected to ask the defendant whether he understood the charge. Nor was there any mention by the State's Attorney or anyone else, of the facts involved so that there was no basis, direct or indirect, upon which

the court could have determined that defendant understood that his alleged acts constituted the crime with which he was charged. The record is also barren of any indication that defendant was informed that by pleading guilty he was waiving his right to a jury trial; and there is no evidence that defendant even signed a jury waiver.

■■ Under these circumstances and based upon the reasoning of the cases above cited we find the admonitions of the trial court to have been so insufficient as to permit no other course but to reverse and remand the cause. In view of the remandment we shall not discuss defendant's further contentions relative to sentence and denial of probation.

The judgment of the Circuit Court of St. Clair County is reversed and remanded for such further proceedings as may be appropriate.

Reversed and remanded.

G. MORAN, P. J., and CARTER, J., concur.