THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN MICHAEL BARNES, Defendant-Appellant.

(No. 12194;

Fourth District—November 14, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Michael Prall, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was found guilty of voluntary manslaughter by a jury and was sentenced to imprisonment of 6 to 18 years. The sole issue raised on this appeal is the alleged excessiveness of sentence.

On November 16, 1971, defendant (an A.W.O.L. 18-year-old marine) was picked up by Charles R. Cloud in Champaign as the defendant was hitchhiking to Cedar Rapids, Iowa, to visit his sister. Shortly after defendant entered the automobile, Cloud produced some books picturing homosexual acts and gave them to defendant to read, which he did. Defendant then fell asleep. He awakened when Cloud left a completed portion of the interstate and entered upon route 150. Barnes had been over this route before and was aware of detours from the as yet uncompleted I-74 upon which he had been hitchhiking. He then went back to sleep; he next awoke as Cloud was driving up a lane into an abandoned farm. Cloud stopped the automobile in an area partially shielded by weeds and bushes approximately 200 feet from the highway.

Cloud then placed his hand on defendant's left thigh and offered to perform a homosexual act upon him. When defendant refused the offer, it was repeated several times, each time being rebuffed by defendant. An argument between the two followed with Cloud getting out of the car and saying, "I will get you," and calling defendant a name. Defendant immediately got out of the car and the two met in front of it. Cloud grabbed for defendant and he ducked under Cloud's arm, pushing him in the process. Defendant jumped back, pulled out a pistol he had concealed in his belt, and shot Cloud. Cloud was shot near the left shoulder blade and the bullet severed the spinal cord, causing immediate death.

Defendant Barnes admitted the shooting and also admitted striking Cloud behind the left ear as he lay on the ground when he saw Cloud's

head move slightly. After taking his wallet and change, Barnes covered up Cloud's body with an old army blanket obtained from the automobile. He then took Cloud's automobile and proceeded on to his sister's home in Cedar Rapids, Iowa. The next day defendant returned to his home in Shively, Kentucky. He abandoned the automobile in Kentucky.

. From the instructions given in this case, it is clear the jury found defendant was unreasonable in his belief that the circumstances were such that his killing of Cloud was a justifiable use of force. While sentence was imposed before the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, ¶ 1001—1—1 *et seq.*), he argues that a final adjudication has not been reached in this case, and therefore the provisions of the Code are applicable because the sentences for voluntary manslaughter are less under it than under the prior law. At the time defendant was sentenced, the penalty provided by the Criminal Code for voluntary manslaughter was imprisonment from one to 20 years. (Ill. Rev. Stat. 1971, ch. 38, ¶ 9—2(c).) Under the Code, voluntary manslaughter is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, ¶ 9—2(c).) Class 2 felonies are punishable under the Code by imprisonment of a minimum term of one year, and a maximum term of 20 years. (Ill. Rev. Stat. 1973, ch. 38, ¶ 1005—8—1(b)(3).) Additionally, this provision of the Code indicates the minimum term shall be one year unless the court, considering the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. It is this latter provision that defendant contends makes the sentence under the Unified Code of Corrections less than it was at the time of his sentencing. It is upon this same provision that defendant bases his contention that the 6- to 18-year term of imprisonment which he received was excessive.

██ It is true that cases pending on appeal have not reached a final adjudication. (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.) However, if the minimum sentence for a particular offense is the same under the Unified Code of Corrections as it was under the prior law, the existence of the requirement that a one-year minimum be given unless the court finds a higher minimum justified does not serve to make the Unified Code of Corrections applicable to sentences handed down before the effective date of that Code. *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1.

The deceased was retired after 22 years service in the Army and working as a security guard at the time of his death. He was approximately 6' tall and weighed 210 lbs. The defendant was 18 years old and stood about 5'4" and weighed 135 lbs. Although the jury found defendant was unreasonable in his belief that circumstances existed which would justify the killing, defendant contends the trial court did not take into considera-

tion the great disparity in size between Cloud and defendant; the fact that defendant was being subjected to homosexual advances; and the lack of any prior admissible convictions.

In *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, the supreme court set forth the guidelines for reviewing severity of sentences. They there indicated that if a sentence imposed is within the limits prescribed by the legislature, an appellate court should not disturb the sentence unless it clearly appears that the penalty constitutes a departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the constitutional requirement that all penalties should be proportioned to the nature of the offense. (This is now phrased as "seriousness of the offense" in article I, section 11 of the 1970 Constitution of Illinois.) The court in *Taylor* went on to note that the appellate court's authority to reduce sentence should be exercised with considerable caution and circumspection because of the trial judge's superior opportunity to make a sound determination concerning the appropriate punishment because of his observation of defendant during the course of the trial and at the sentencing hearing.

It is clear that the trial judge carefully considered the appropriate sentence to be imposed in this case. He did not impose the sentence recommended either by the State or by defense counsel. He carefully considered the effect of the 6-year minimum term of imprisonment upon the defendant's parole possibilities and the amount of time already served by defendant while awaiting trial. He also took into account defendant's lack of a prior record. The court took into consideration not only the seriousness of the admitted facts, but also the aggravating circumstances.

The record discloses that defendant was a high school dropout, A.W.O.L. from the Marine Corps, without employment, and hitchhiking from Kentucky to Iowa when the offense occurred. The record also discloses considerable drug usage by defendant. Defendant had a concealed stolen pistol in his possession and could well have used this to effect his escape if he feared Cloud, rather than to kill him. Defendant's acts subsequent to the killing also bear on the seriousness of the offense. He struck Cloud behind the left ear after the shooting, robbed him, and stole his automobile. He then proceeded to his sister's in Iowa and returned to Kentucky in the automobile. In light of these circumstances, we do not feel the sentence imposed was excessive within the proscription of *Taylor*. The judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.