THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. RICHARD WHITEAKER, Defendant-Appellant.

(Nos. 74-65, 74-404 cons.;

Second District (1st Division)—August 6, 1975.

Ralph Ruebner and Ira A. Moltz, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, Richard Whiteaker, and two codefendants, Arthur Rieffer and Jesse Long, were indicted for the offense of rape, aggravated kidnapping and armed robbery. Defendant Whiteaker pled guilty to all three charges; there were no plea negotiations; at the conclusion of the sentencing hearing the defendant was sentenced to three concurrent terms of 8-20 years in the State Penitentiary.

The defendant Whiteaker, together with Rieffer and Long, approached a motor vehicle parked on a rural road in Winnebago County in the early morning hours of June 4, 1973. The vehicle was occupied by a man and a woman. At gunpoint they took $60 cash from the driver of the car and divided the same among them. They then locked the victim in the trunk of his car and, at gunpoint, forced the female occupant of the vehicle into their automobile. They then drove off with her and each of the three men forcibly had sexual intercourse with her. The following day the defendant was arrested and was identified in a lineup. He then signed a written confession admitting all three offenses. His confession was admitted into evidence without objection at the time of the entry of the plea of guilty.

The defendant alleges six grounds for reversal. They are as follows:

1. that the trial court did not sufficiently admonish the defendant of the nature of the charges under Supreme Court Rule 402(a)(1);

2. that defendant's plea of guilty to aggravated kidnapping was not intelligent or voluntary where he was not informed of the availability of the defense of intoxication and whether there exists a factual basis for the plea of guilty to aggravated kidnapping;

3. that the conviction of aggravated kidnapping should be vacated as

convictions for aggravated kidnapping and rape are multiple convictions arising out of a single transaction;

4. whether the trial court considered improper evidence of juvenile arrests which did not result in an adjudication of delinquency as well as adult arrests not reduced to conviction at the time defendant was sentenced;

5. that the sentence is excessive, and

6. whether the trial court considered matters outside the evidence in sentencing the defendant.

██ In support of his first contention that he was not sufficiently advised as to the nature of the charge, defendant has cited *People v. Ingeneri* (1972), 7 Ill.App.3d 809, 288 N.E.2d 550; *People v. Billops* (1974), 16 Ill.App.2d 892, 307 N.E.2d 206; and *People v. Hawkins* (1974), 17 Ill.App.3d 863, 309 N.E.2d 60. Likewise the defendant has cited *People v. Krantz* (1973), 12 Ill.App.3d 38, 297 N.E.2d 386. The latter case was overruled by the supreme court in *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559. While it is true that the Supreme Court's opinion in *Krantz* has been modified by *People v. Wills* (1975), 61 Ill.2d 105, the modification therein found in *Wills* relates to the parole time and not to the factual basis for the plea or the nature of the charge. The supreme court in *Krantz*, in substance, overruled the other cases above cited by the defendant. As we have previously stated in *People v. Diaz* (1973), 15 Ill.App.3d 280, 304 N.E.2d 103, 106, that, while it would have been better practice for the judge to have informed the defendant personally we, nonetheless, found that, under Supreme Court Rule 402, that the defendant's understanding of the nature of the charge was established. In the case before us, moreover, the defendant had signed the confession as to all three offenses, and the court advised him of the nature of the charge by reading the indictment. We find nothing in the indictment that cannot be clearly understood with relation to aggravated kidnapping, rape or armed robbery. Likewise, prior to the entry of the plea of guilty the State's Attorney, in detail, advised the court of what the nature of the charge was relating to all three offenses.

In *People v. Krantz*, the supreme court stated the question therein to be "* * * whether the trial court adequately informed Krantz and insured his understanding of the nature of the charge pending against him before accepting his plea of guilty." (58 Ill.2d 187, 191.) The court went on to state at page 192:

> "We note first the rule requires there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza*, 48 Ill.2d 371, 373-74.)

The court also stated the entire record may be considered in determining

whether there was an understanding by the accused of the nature of the charge. Specifically, "[t]he recital by the assistant State's Attorney of the anticipated prosecutive evidence made clear what criminal conduct of Krantz the People expected to prove." We therefore follow the ruling of the supreme court in this regard and find that the defendant here knowingly entered a plea of guilty after being advised of what the nature of the charge was both by the indictment and by the statement of the State's Attorney.

■■ The next argument of the defendant, insofar as the charge of aggravated kidnapping was concerned, is that the court failed to admonish defendant that he could avail himself of the defense of intoxication, the basis of this being that aggravated kidnapping is an intent offense and that intoxication is a defense thereto. Defendant cites no authority and we know of none which requires the court to advise the defendant of his possible defenses prior to the acceptance of a plea of guilty. Additionally, it is to be noted that from a factual standpoint this may be a specious argument because the defendant, the day after the offense, was able to recall, in detail, all of the events which occurred the prior night in his confession wherein he admitted the kidnapping, the armed robbery and the rape. Moreover, in view of our ruling herein, this issue becomes moot.

■■ The defendant next contends that he was improperly sentenced for both rape and aggravated kidnapping, alleging that each of these offenses arose out of the same transaction. In support of this contention he has cited *People v. Sims* (1974), 20 Ill.App.3d 1068, 313 N.E.2d 663. It is true that in *People v. Sims* the Fourth District held that, "The kidnapping was committed in order to effect the rape, and consequently the conviction for the charge for which the statute imposes the less severe penalty must be set aside  *  *  *." We do not agree with *Sims* and find the supreme court case of *People v. Canale* (1972), 52 Ill.2d 107, 285 N.E.2d 133, is controlling. In *Canale* the court held, in substance, that aggravated kidnapping and rape, although committed as a series of acts against the same victim, were two separate and distinct offenses and that a sentence might properly be imposed for each offense. (See also *People v. Harper* (1972), 50 Ill.2d 296, 278 N.E.2d 771.) In *People v. Pardue* (1972), 6 Ill.App.3d 430, 286 N.E.2d 29, the appellate court, in citing *Canale,* likewise found that aggravated kidnapping and rape were different and distinct offenses. In *People v. Johnson* (1970), 44 Ill.2d 463, 475, 256 N.E.2d 343, 350, the court held:

> "However proper the application of the above statutory provisions may be in cases which would involve double punishment for the same conduct where the same identical evidence is the

basis for the finding of guilty of both charges, we believe they were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof. Specifically, we are convinced that the statutory strictures have no application in this case where the charges are burglary and rape. These are separate and distinct crimes requiring entirely different proof to sustain them."

■■ The next contention of the defendant is that the trial court considered improper evidence of juvenile arrests which did not result in an adjudication of delinquency as well as an adult arrest charge not reduced to conviction. At the outset it is presumed that the trial court will not be influenced by such offenses not reduced to conviction. Moreover, a number of the offenses in question were related to the probation officer by the defendant and reduced to writing in the presentence report. As the supreme court said in *People v. Fuca* (1969), 43 Ill.2d 182, 186, 251 N.E.2d 239, 241:

"The probation report was also introduced and contained similar information which had been prepared by the probation officer after interviewing the defendant and the content of this report was evidently gained from the defendant's own admissions."

As the court then stated:

"We must presume the trial judge in this case recognized any incompetent evidence introduced at the presentence hearing and disregarded it."

Additionally, in *People v. Adkins* (1968), 41 Ill.2d 297, 300-01, 242 N.E.2d 258, 260, the court stated:

"In Illinois, too, we have long held that the judge in determining the character and extent of punishment is not limited to considering only information which would be admissible under the adversary circumstances of a trial. While it must exercise care to insure the accuracy of information considered and to shield itself from what might be the prejudicial effect of improper materials (*People v. Crews,* 38 Ill.2d 331), 'the court is not confined to the evidence showing guilt, for that issue has been settled by the plea. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the [crime], and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. In doing so it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his

age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and, as was said in *People v. Popescue,* [345 Ill. 142], the judge should know something of the life, family, occupation and record of the person about to be sentenced.' [Citations.]"

We therefore find no error in this regard. It is to be noted, however, that the defendant, in fact, was found guilty in 1970 of the offense of burglary for which he received 2½ years' probation, the first 6 months to be spent in Vandalia, and that in 1970 he was found guilty of interstate transportation of stolen property, sentence to 2 years' custody of the Attorney General and finally sentenced to the Federal Youth Center in Ashland, Kentucky, from which he was discharged on July 24, 1972.

■■ Defendant contends that the sentences imposed herein are excessive and that there are no extraordinary elements of this case which support an imposition of a higher minimum-maximum sentence, to-wit: 8-20 years. The minimum sentence for both armed robbery and rape is now 4 years with no maximum specified. In view of defendant's record, and in view of the inherently vicious nature of the crimes herein involved, this court does not find the sentences to be excessive.

■■ The last contention of the defendant is that on November 2, 1973, when the defendant and his counsel were present in court for a continuance, counsel then requested the court for permission for the defendant to visit with his fiancee outside of the courtroom. The court refused and advised counsel that the visiting day in the sheriff's office was the next day. He then stated: "I have departed from rules of the jail by allowing his fiancee to come upstairs and see him." Defense counsel then asked if the court would enter an order permitting her to see him in the county jail. The court replied that if she were his fiancee "that's the person that can see him." Defendant then quotes only the next part of the court's statement, which is, "I don't want to hear any more about it. I am not going to coddle any prisoners and the longer that man stays up there he may stay longer in the penitentiary. Now get him out of here." We do not believe that this constituted "consideration of matters outside the record" nor did it indicate prejudice on the part of the judge. The court was perfectly justified in denying the defendant permission to visit with his fiancee outside of the jail and outside of visiting hours. The case of *People v. Barber* (1974), 20 Ill.App.3d 977, 313 N.E.2d 491, cited by the defendant, is inapplicable to the case before us. The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.