THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEX
JAMES NEAL, Defendant-Appellant.

Third District   No. 74-369

Opinion filed April 26, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for
appellant.

David DeDoncker, State's Attorney, of Rock Island (James Hinterlong, of
Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Alex James Neal, was indicted for aggravated kidnapping,
rape and deviate sexual assault. After jury trial defendant was convicted
of all three offenses and sentenced to three concurrent terms of not less
than 20 nor more than 60 years' imprisonment. Two issues are raised on
this appeal: one, whether it was error for the trial court to enter judgment
on both rape and the lesser offense of aggravated kidnapping; and two,
whether in light of the nature of the offense and defendant's prospects for
rehabilitation was it an abuse of the trial court's discretion to impose a
minimum sentence of not less than 20 years for each offense.

The 17-year-old complaining witness testified that at about 1:30 a.m. on
February 3, 1974, while at a bar in Davenport, Iowa, she stepped outside
for some fresh air. A few minutes later a man, later identified as

defendant, seized her while her back was turned, put his hand over her mouth and forced her into a car where she was forced to sit on the floor with her head on the front seat of defendant's car. She stated defendant drove around for quite some time and that twice she had unsuccessfully attempted to escape. She claimed defendant was armed with a sharp instrument about 7 or 8 inches long, like an ice pick. Defendant ordered her to disrobe, which she did. He then stopped the car and forced her to have sexual intercourse with him. After the act of sexual intercourse defendant told her to dress and began driving again. He stopped the car a second time and ordered her to perform an act of fellatio. Defendant admitted both acts but stated the complaining witness entered the car voluntarily and participated in the acts of her own free will. Defendant testified both sexual acts took place in Rock Island County in Illinois. A police officer on routine patrol noticed defendant's car and its lights turning on in the Hampton Dam area as the car began to move out of the area. The officer testified he then turned on his red light, stopped the defendant, walked up to his car and asked to see defendant's driver's license. At that time the complaining witness jumped out of defendant's car and screamed "He raped me. He raped me." Defendant drove away at a high rate of speed. The officer drew his gun and fired six times at defendant's car. At about 1 p.m. the next afternoon police officers arrested defendant Neal at his Davenport, Iowa home. Defendant attempted to flee but was apprehended.

After being found guilty by the jury on all three counts, a judgment of conviction was entered on each. A presentence report was filed with the court and a hearing held thereon. At the hearing in aggravation and mitigation defendant presented testimony in his behalf by one of his professors at Marycrest College, by his wife and by himself. At the trial defendant had admitted to a prior Iowa conviction for robbery with aggravation which took place in 1965. The trial court imposed three concurrent sentences of not less than 20 nor more than 60 years in the Illinois State Penitentiary. No explanation of the reasons for selecting this particular sentence was given.

■■ Defendant argues it was error for the court to enter judgment on the lesser offense of aggravated kidnapping since its commission was necessarily connected to the rape conviction and was not independently motivated. The State argues the conduct which constituted the offense of rape was clearly separable from the conduct which constituted the offense of aggravated kidnapping. The State argues that if rape was the sole thought in defendant's mind when he approached the girl why did he force her to his car and drive around the Rock Island area for at least 2½ hours before raping her. In *People v. Canale*, 52 Ill. 2d 107, 285 N.E.2d 133, the court approved convictions for aggravated kidnapping, deviate

sexual assault and rape. The court held that where the prosecutrix was driven some distance from her home and confined for a period of 45 minutes during which she was raped, the conviction on the charge of aggravated kidnapping was not erroneous on defendant's theory that confinement and transportation of the prosecutrix were incidental to the rape for which he was also convicted. Without referring to *Canale*, the court in *People v. Sims*, 20 Ill. App. 3d 1068, 313 N.E.2d 663, the principal case relied on by defendant, appears to have adopted a rule contrary to that of *Canale*. In *Sims* the defendants robbed the victims and took them some 5 to 6 miles away before raping them. The court held a sentence for aggravated kidnapping, the lesser of the offenses, was improper. The court ruled the kidnapping was committed in order to effect the rape, and consequently, the conviction for the charge for which the statute imposes the less severe penalty must be set aside. In *People v. Long*, 30 Ill. App. 3d 815, 333 N.E.2d 534, the court followed *People v. Canale*, 52 Ill. 2d 107, 285 N.E.2d 133, and *People v. Pardue*, 6 Ill. App. 3d 430, 286 N.E.2d 29, in upholding convictions for both rape and aggravated kidnapping. The court in *Long* referred to the *Sims* case but observed that the rule applied in *Sims* is contrary to that in *Canale*.

Likewise in *People v. Whiteaker*, 30 Ill. App. 3d 848, 334 N.E.2d 200, the court, in upholding sentences for both rape and aggravated kidnapping, stated they did not agree with *Sims* and held *Canale* was controlling. Again in *People v. Elliott*, 32 Ill. App. 3d 654, 336 N.E.2d 146, the court upheld convictions for aggravated kidnapping and deviate sexual assault against defendant's contention the convictions were improper on the theory the offenses arose from a single course of conduct. We believe the reasoning and result of *People v. Canale*, 52 Ill. 2d 107, 285 N.E.2d 133, is controlling on this issue and hold no error was committed in convicting defendant for offenses of both aggravated kidnapping and rape.

■■ The second issue is whether it was an abuse of the trial court's discretion to sentence defendant to concurrent sentences of not less than 20 nor more than 60 years on each of the three charges of aggravated kidnapping, rape and deviate sexual assault. The minimum sentence for each offense is 4 years. Defendant concedes there were three factors in this case which might arguably have been considered aggravating factors, *i.e.*, the nature of the offense, the defendant's involvement with illegal drugs, and his prior criminal record. He argues, however, neither the nature of the offense nor the defendant's drug problem is a legitimate reason for increasing a minimum sentence. The prior conviction, though concededly significant, could not by itself, according to defendant, justify a minimum sentence so far in excess of the statutory 4 years. The general

rule is a reviewing court will not disturb a sentence of the trial court unless it clearly appears the penalty is manifestly in excess of the prescription of article I, Section 11, Illinois Constitution of 1970, which requires all penalties shall be proportionate to the nature of the offense. *(People v. Barnes,* 23 Ill. App. 3d 390, 319 N.E.2d 248.) In light here of defendant's record and the seriousness of the offense, this court cannot as a matter of law hold the trial court abused its discretion in sentencing defendant to concurrent terms of 20 to 60 years on each offense. *People v. Taylor,* 33 Ill. 2d 417, 211 N.E.2d 673, *People v. Meyer,* 30 Ill. App. 3d 673, 332 N.E.2d 606.

For the foregoing reasons the judgments of the circuit court of Rock Island County are affirmed.

Judgments affirmed.

ALLOY, P. J., and BARRY, J., concur.