THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN EDWARD MULCAHEY, Defendant-Appellant.

Fourth District   No. 13450

Opinion filed July 5, 1977.—Rehearing denied August 10, 1977.

STOUDER, J., concurring in part and dissenting in part.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant, John Edward Mulcahey, was convicted of aggravated kidnapping and attempt (armed robbery) after a jury trial in the Circuit Court of Macon County. He was sentenced to concurrent terms of 20 to 60 years for aggravated kidnapping and 5 to 15 years for attempt.

Defendant's statement to the FBI, which was admitted into evidence and read to the jury without objection, reveals that due to family, personal, and financial problems, he decided to extort ransom from a randomly selected bank president by holding his wife as a hostage. With this scheme in mind, Mulcahey engaged a companion to drive him from Rochester, Minnesota, to Decatur, Illinois, on March 24, 1975. Mulcahey's companion was unaware of the true purpose of the trip. Through telephone calls and visits to a number of Decatur banks Mulcahey obtained the names and home addresses of several bank presidents, including John Luttrell. On March 26, 1975, Mulcahey went to the Luttrell residence and, when Mrs. Luttrell answered the door, gained entry at gunpoint. Defendant asked whether she was home alone, and after searching the upstairs for other persons, forced her to phone her husband at the bank. Defendant informed John Luttrell that his wife was a hostage, and instructed him to leave $25,000 at a nearby restaurant in one-half hour. Defendant then taped Mrs. Luttrell to a chair, took her car and proceeded to the drop point to wait for the money. At the drop point, Luttrell mistook Mulcahey for one of the detectives waiting to seize the kidnapper and told Mulcahey that Mrs. Luttrell had escaped. He then tried to force the victim's husband into the car at gunpoint, but Luttrell ran away. Defendant sped off in the auto but was apprehended by detectives in the vicinity of the restaurant a short time later.

Joann and John Luttrell testified for the State. Both witnesses stated that defendant told John Luttrell over the phone that he was going to take Mrs. Luttrell "on a trip" and had warned him not to contact the police. John testified that he immediately informed the police of his conversation with the defendant and that plainclothes detectives were dispatched to the restaurant. Joann testified that she freed herself immediately after defendant left and then called her husband and the police. John testified that at first he thought the defendant, whom he observed in Joann's car, was one of the plainclothes detectives. John, Joann and several police officers positively identified the defendant in court. Items connected with

the crimes, such as the gun used by the defendant and certain pieces of his clothing, were also identified at trial. At the conclusion of the State's case the defense rested without presenting evidence.

Defendant first contends that he was not proved guilty of aggravated kidnapping beyond a reasonable doubt because the State failed to show either that he transported his victim or that he secretly confined her. Defendant was indicted under section 10—2(a)(1) of the Criminal Code of 1961, which provides:

"(a) A kidnapper within the definition of paragraph (a) of Section 10—1 is guilty of the offense of aggravated kidnapping when he: (1) Kidnaps for the purpose of obtaining ransom from the person kidnapped or from any other person * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 10—2(a)(1).)

Section 10—1(a) provides:

"(a) Kidnapping occurs when a person knowingly:

(1) And secretly confines another against his will, or

(2) By force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will, or

(3) By deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will." Ill. Rev. Stat. 1973, ch. 38, par. 10—1(a).

The Committee Comments to section 10—1(a) indicate that "the three subsections of 10—1(a) are designed to cover the three methods usually employed in kidnapping. Both (2) and (3) involve the carrying from one place to another, or inducing to go from one place to another * * *." (Ill. Ann. Stat., ch. 38, par. 10—1, at 276-77 (Smith-Hurd 1972).) Thus, there is no indication, either on the face of the statute or in the Committee Comments, that asportation of the victim is an essential element of kidnapping under subsection (1) of section 10—1(a).

Defendant nevertheless maintains that asportation is required under section 10—1(a) because every reported Illinois kidnapping case has involved the transportation of the victim by the kidnapper. While our research, too, has failed to turn up any Illinois cases involving what might be referred to as a "stand still" kidnapping, we fail to see how this fact limits the apparent scope of the kidnapping statute. In *People v. Macinnes* (1973), 30 Cal. App. 3d 838, 106 Cal. Rptr. 589, the court held that a California aggravated kidnapping statute was violated where the defendants forced their way into an apartment, held two persons hostage there and sent a third victim out to obtain money. The court stated:

"Section 209 is intended to include within the scope of its proscriptions the factual situation where an assailant seizes the banker's wife in the banker's home (without asportation of the

wife) and telephones the banker for ransom." 30 Cal. App. 3d 838, 844, 106 Cal. Rptr. 589, 592.

■■ Defendant correctly points out that there are factual differences between *Macinnes* and our case and between the Illinois and California aggravated kidnapping statutes. While we agree that *Macinnes* is not dispositive of this case, we do think it demonstrates that aggravated kidnapping can occur even where the victim is not moved. Accordingly, under the plain language of the statute, we hold that asportation of the victim is not an element under section 10—1(a)(1).

■■ On the other hand, secret confinement is the gist of kidnapping and must be proved beyond a reasonable doubt. (*People v. Landis* (1st Dist. 1966), 66 Ill. App. 2d 458, 214 N.E.2d 343.) The evidence at trial showed that defendant forced entry into the Luttrell residence at gunpoint, that he inquired whether Joann Luttrell was home alone, that he searched the upstairs rooms for other persons, that he told John Luttrell he was going to take his wife "on a trip" and not to inform the police, and that he bound Mrs. Luttrell before he left the house in her car. In light of such evidence we have no doubt that defendant secretly confined his victim against her will.

■■ ■ Defendant, however, argues that we will eliminate the distinction between kidnapping and unlawful restraint if we hold that his acts constituted secret confinement. As defined in section 10—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 10—3), unlawful restraint occurs when a person "knowingly without legal authority detains another." While the defendant here obviously detained Mrs. Luttrell without authority, more than mere detention occurred. Here the purpose was clearly to collect ransom. Moreover, the State's Attorney has discretion in choosing which offense should be prosecuted. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.) When the evidence of secret confinement is considered together with defendant's statement to the FBI and the positive identification of him by eyewitnesses, it is apparent to us that the jury was entirely justified in finding Mulcahey guilty of aggravated kidnapping. See *People v. Turner* (1st Dist. 1976), 35 Ill. App. 3d 550, 342 N.E.2d 158; *People v. Rosenborgh* (1st Dist. 1974), 21 Ill. App. 3d 676, 315 N.E.2d 545, *cert. denied* (1975), 421 U.S. 919, 43 L. Ed. 2d 787, 95 S. Ct. 1584.

Defendant next contends that he was not proved guilty of attempt armed robbery beyond a reasonable doubt. Alternatively, he argues that if the evidence does support the jury's verdict his conviction for aggravated kidnapping must be reversed. There is little merit to either point.

Under section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 18—2), a person is guilty of armed robbery when he violates

section 18—1 while armed with a dangerous weapon. Section 18—1 (Ill. Rev. Stat. 1973, ch. 38, par. 18—1) indicates that a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. Under section 8—4(a) of The Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)), a person is guilty of attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

■■ The evidence in this case showed that defendant told Luttrell he wanted $25,000 in small bills within 30 minutes at a certain location, that Luttrell complied with these instructions and left the money-loaded attache case near a fence prior to his confrontation with the defendant, that before defendant had the opportunity to pick up the ransom money he learned from John Luttrell that his wife was safe and that upon discovering this fact he pointed a gun at John Luttrell and said, "Get in the car or you're a dead man." In our view, the only issue which merits our attention is whether defendant intended to rob Luttrell when he ordered him into the car at gunpoint. If the intent to rob was present we have no doubt that defendant's actions constituted a substantial step toward the commission of a robbery.

■■ To begin with, defendant's use of a gun satisfied the requirement of being armed with a dangerous weapon under section 18—2. (*People v. Redding* (1st Dist. 1976), 43 Ill. App. 3d 1024, 357 N.E.2d 1227.) Defendant's act in brandishing a gun and his statement to John Luttrell demonstrates a threat of force. Under these circumstances the fact that no specific demand for money was made is not necessary to prove intent. (*People v. Murff* (1963), 29 Ill. 2d 303, 194 N.E.2d 226; see, *e.g., People v. Turner* (1st Dist. 1969), 108 Ill. App. 2d 132, 246 N.E.2d 817. In this connection the following statement of the supreme court in *Murff* is pertinent:

"Although intent is a matter of fact and cannot be applied as a matter of law, criminal intent may be shown by circumstantial evidence. [Citation omitted.] The trial court heard certain testimony * * * and had the right to disbelieve certain explanations tendered by [the witnesses]." 29 Ill. 2d 303, 305, 194 N.E.2d 226, 227.

■■ In determining the propriety of the jury's verdict under the above statutes we will not reverse unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable, or unsatisfactory as to justify entertaining a reasonable doubt of defendant's guilt. (*People v. Williams* (1976), 65 Ill. 2d 258, 357 N.E.2d 525.) We do not think the jury was required to believe defendant's story that he merely wanted to use Luttrell as a means of escape, and we are convinced that the

circumstances of the case outlined above were sufficient to permit the jury to infer his intent to rob John Luttrell at the time he ordered him to enter the car. Accordingly, we will not disturb defendant's attempt conviction.

■■ Further, we cannot view defendant's conduct against the Luttrells as a single transaction intended to acquire property through the use of force. Defendant knew his kidnapping scheme had been foiled prior to his attempt to force John Luttrell into the car, and there was a considerable time lapse between the act of kidnapping Mrs. Luttrell and the attempt to rob her husband. Defendant may be convicted and sentenced for more than one offense arising from a series of closely related acts where the crimes are distinct and require separate elements of proof. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819.) Therefore, defendant's convictions for both aggravated kidnapping and attempt armed robbery must stand.

Defendant's final contention is that his sentence of 20 to 60 years for aggravated kidnapping is excessive. We will not disturb a sentence which is within the limits prescribed in the Criminal Code of 1961 unless it is greatly at variance with the purpose or spirit of the law. (*People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935; see *People v. Bradley* (4th Dist. 1976), 43 Ill. App. 3d 463, 357 N.E.2d 696.) In the instant case defendant, who was convicted of a Class 1 felony, is subject to a four-year minimum sentence and an open-ended maximum sentence. Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1.

■■ In *People v. DeMorrow* (4th Dist. 1974, 17 Ill. App. 3d 901, 308 N.E.2d 659, *aff'd* (1974), 59 Ill. 2d 352, 320 N.E.2d 1, the court considered the defendant's character, including his prior record, and the circumstances surrounding the commission of the offense as guidelines in reviewing an aggravated kidnapping sentence. In our case, a presentence report indicated that the defendant, who is age 41, is married with four children, has three prior burglary convictions (the most recent in 1965), and is probably an alcoholic. Of course, the defendant's family is a mitigating factor. So is the fact that the ransom victim was not harmed by defendant. On the other hand, defendant's alcoholism should not be viewed as a mitigating factor. (*People v. Lobb* (4th Dist. 1971), 1 Ill. App. 3d 239, 273 N.E.2d 206.) Furthermore, while his prior convictions are somewhat remote in time, it is apparent to us that this 41-year-old defendant has not overcome his youthful propensity for crime.

■■ Although the sentence imposed in this case is lengthy, we do not think it is excessive in light of the seriousness of the offense. (See *People v. Neal* (3d Dist. 1976), 37 Ill. App. 3d 713, 346 N.E.2d 178.) Aggravated kidnapping is an offense which, in the past, has been punishable by death. (Ill. Rev. Stat. 1975, ch. 38, par. 10—2(b)(1).) Furthermore, the offense for

which defendant was sentenced was not the product of some regrettable impulse. Rather, the record shows a premeditated and detailed design by the defendant to extort money from a victim through the threatened loss of a loved one. Defendant played a dangerous game, and he should not complain because society has exacted a heavy price.

Accordingly, the judgment and sentence of the Circuit Court of Macon County is affirmed.

Affirmed.

ALLOY, J., concurs.

Mr. JUSTICE STOUDER, concurring in part and dissenting in part:

I join with my colleagues in affirming the defendant's conviction and sentence for the offense of kidnapping. I do, however, respectfully disagree with their conclusion the evidence also supports the defendant's conviction of attempt robbery.

There are few cases involving the offense of attempt robbery where there is not some evidence of a demand or effort to take property from the victim. While such a demand may not be necessary to support the attempt offense, it seems to me that the threat of force, and the intention which must accompany such a threat for the conduct to constitute a substantial step in the commission of the offense, must be a threat of force for the purpose of taking property.

It seems to be the position of the majority that because the threat of force is an element of robbery, it is sufficient to support the further inference that the threat was for the purpose of taking property. Once the threat of force is proved, according to the majority, the jury may then be permitted to find that the taking of property was intended even though nothing in the nature of the threat or its surrounding circumstances warrants such a conclusion rather than some other conclusion. Even though the evidence in this case might support a charge of aggravated assault or attempt wrongful detention, there is nothing in the evidence from which the further element of an attempt to take property may be inferred. Certainly, the verdict of the jury is to be given great weight, but this rule is not a substitute for the rule which requires that there be evidence of the elements of an offense before a jury's verdict can be sustained.

The majority cites two cases, *People v. Murff*, 29 Ill. 2d 303, 194 N.E.2d 226, and *People v. Turner*, 108 Ill. App. 2d 132, 246 N.E.2d 817, as bearing on this issue. However, in each of the cases the threat of force was that of a passenger directed toward a cab driver under circumstances where common experience suggested that an aggravated assault was not all that

was intended. In *Murff*, defendant was charged both with assault with the intent to commit murder and assault with the intent to commit robbery. He actually fired several shots at the cab driver, which supported the charge of assault with the intent to kill, and there was evidence that a passenger had feigned an injury in order to put himself in close proximity to the driver. It should also be noted that, when the driver returned, his cash box was gone. Similarly, in the *Turner* case, the court concluded there was ample evidence defendant intended to commit a criminal offense and from the nature of the relation between the parties, *i.e.*, passenger and taxi cab driver, and the language of the defendant, the intention to take property had been manifested.

In the instant case I find no manifestation of any intention to take property from the complaining witness. I agree that a statement of a defendant concerning his intention may be disregarded, but this does not necessarily mean that a contrary intention is thereby proved. Other than the language of the threat, there is nothing in the testimony of the complaining witness from which it may be inferred that the taking of property was intended or that the complaining witness believed this was the case. I would therefore reverse defendant's conviction for attempt robbery.